RALSTON, Appellant, v. BUETTNER (BANK OF AURORA, Garnishee), Respondent.

(226 N. W. 945.)

(File No. 6911. Opinion filed October 15, 1929.)

576

*C. E. Noel,* of Highmore, for Appellant.
*Wallace E. Purdy,* of Brookings, for Respondent.

BROWN, J. On February 28, 1929, plaintiff instituted an action against defendant, in which the Bank of Aurora was summoned as garnishee and in which plaintiff claimed to recover $415.25 alleged to be due him from defendant. On April 11th judgment was entered in the action in favor of plaintiff and against defendant, on which an execution was issued and an affidavit and summons in garnishment in aid of the execution were served upon the garnishee. In the meantime, on March 20th defendant's wife made an application to have the property in the hands of the garnishee declared exempt and, as such, released from the garnishment. On this application plaintiff presented affidavits to the effect that defendant had sold off all of his property, including all house-

hold furniture and kitchen utensils, and had stated that it was his intention to leave the state and go to California, and that he was in fact in the act of leaving the state, taking with him his family. Defendant presented his own affidavit on the application to have the property in the hands of the garnishee held exempt, in which he stated in substance that he was not and never had been in the act of leaving or removing from the state with his family; that he had no definite intention as to what he would do in the future; that owing to financial reverses he had been compelled to give up farming, and therefore had held a public sale of his property, the proceeds of the sale being turned over to a trustee for the benefit of parties having liens on the property; that he had found employment on a farm in Moody county and had procured a suitable dwelling for himself and family in the city of Brookings, where they were now making their home, but that at the time of the service of the garnishment papers he intended, if he could secure satisfactory employment in South Dakota, to stay in the state at least until his child had finished out the school year. On this showing the circuit court made an order allowing the exemption and adjudging that the money and property in the hands of the garnishee "is hereby declared to be exempt from all garnishment proceedings in the above entitled action." From this order plaintiff appealed to the Supreme Court, where the appeal is now pending.

Plaintiff now applies by order to show cause for an order of this court remanding the case to the circuit court for further proceedings and a rehearing in that court, on the ground that the circuit court was induced to make the order appealed from by falsehood and deceit practiced on that court by defendant, and on this application plaintiff produced a large number of affidavits to the effect that defendant had stated to the affiants that he intended to remove to California to live there permanently as soon as he had a sale and got things straightened up; that he might visit with some friends in Nebraska on the way out to California, but that he did not intend to live longer in South Dakota and intended to make his future home in California. He also presents the affidavit of the party with whom defendant alleged he had found employment, which affidavit stated in substance that about the first of April he had employed Buettner to work as a farm hand at the rate of $2 a day, but at the time Buettner accepted the employment he stated

that he intended to leave the state very soon and would not accept permanent employment but only work from day to day; that he worked for him about six days and left his employ about the 8th of April, saying that he was going to Nebraska with his family to reside. Plaintiff also presents the affidavit of Mrs. David Carlson, at whose house defendant lived with his family in Brookings after selling off his property at the farm, in which Mrs. Carlson says that defendant rented from her certain furnished apartments by the week and declined to rent for a longer period than a week at a time, saying that as soon as they could straighten up their affairs in South Dakota they intended to move to California; that they rented and occupied the premises from March 9 until April 13 and paid for them at the rate of $6.25 a week. The order appealed from, declaring the property in the hands of the garnishee exempt, was dated April 13. It appears that immediately after the order was signed defendant disappeared with his family and has not been seen in the state of South Dakota since, and it does not appear that any one has heard from him in California. No counter showing is made on behalf of either defendant or the garnishee. "* * * * It is generally held that an appellate court possesses and will exercise power to remand a cause for the introduction of further evidence where the interests of justice will be thereby subserved. * * *" 4 C. J. 1116.

It would seem that on the evidence now before us to the effect that defendant declined to accept employment other than from day to day and declined to rent apartments other than from week to week, for the expressed reason that he intended to remove with his family to California to live there permanently, the trial court might have felt justified in concluding that defendant at the time the garnishee papers were served was in the act of leaving or removing from the state with his family, and that therefore he was entitled to no exemption. We think the ends of justice will be subserved by remanding the cause to the circuit court to enable plaintiff to apply to that court to reopen the case for the submission of newly discovered evidence relevant to the question of defendant's right to exemptions.

The application that the cause be remanded to the circuit court is granted.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.